UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

BOBBY HILL,                                    )
                                               )
                Plaintiff(s),                  )
                                               )
        v.                                     )        Case No. 1:21-cv-00185-SRC
                                               )
LOWE'S HOME CENTERS, LLC, et al.,              )
                                               )
                Defendant(s).                  )

## Memorandum and Order

Out shopping one day, Bobby Hill slipped and fell at a Lowe's store, sustaining injuries.

He then sued two "Lowe's" entities, Lowe's Home Centers, LLC and LC Realty, LLC in state

court.   After Defendants removed the case on the basis of diversity jurisdiction, the Court

concluded that it lacked subject-matter jurisdiction and remanded under 28 U.S.C. § 1447(c).

*Hill v. Lowe's Home Centers, LLC et al.*, No. 21-cv-00141 (E.D. Mo. Nov. 23, 2021) ("*Hill 1*").

About a month later Defendants removed the case a second time, again on the basis of diversity

jurisdiction.

## I.      Background

In *Hill 1*, The Court described the allegations in Hill's state-court petition:

Hill, a Missouri resident, claims in his petition that in March 2018 he visited a
Lowe's store in Cape Girardeau, Missouri, to buy goods.   Doc. 1-3 at ⁋⁋ 1–5.   He
claims that as he attempted to enter the premises, he slipped on a large accumulation
of water on a tile floor and fell.   *Id.* at ⁋⁋ 5–6.   Hill alleges that the water on the
floor was unsafe, and that Defendants knew or should have known about the water
and should have removed it or warned him about it.   *Id.* at ⁋⁋ 7–9.   Hill claims
that he "suffered severe injuries to his person, including injuries to his neck, lower
back, left shoulder, and knee"—resulting in "damages in the form of lost wages,
medical expenses, loss of future earnings, pain and suffering, and loss of quality of
life."   *Id.* at ⁋⁋ 10–11.   Hill seeks damages "in excess of $25,000.00, together with
interest and costs" and "such other and further relief as [the state court] shall deem
just and proper."   *Id.* at p. 2.

*Hill 1*, at 2.

In their first notice of removal, Defendants argued that the Court had diversity jurisdiction because Hill is a citizen of Missouri and both Lowe's entities are citizens of other states.   *Hill 1*, at 2.   Defendants claimed that the amount-in-controversy exceeded $75,000 based on what Defendants characterized as Hill's "allegations of extensive, severe, and disabling physical and mental injuries, including but not limited to an injury to his neck, lower back, and knee, as well as his allegations of lost wages and medical expenses."   *Id.*   The Court remanded *Hill 1* under 28 U.S.C. § 1447(c), concluding that "Defendants have not shown the requisite jurisdictional amount in controversy by a preponderance of the evidence, and have not disclosed the citizenship of the Defendants."   *Hill 1*, at 8.

After returning to state court, Defendants served written requests for admission on Hill regarding the amount in controversy.   Doc. 1 at ¶ 15; Doc. 1-9.   Hill responded that same day, stating that he "seek[s] more than $75,000 in damages from all Defendants in this lawsuit as a result of this [incident]."   Doc. 1-9 at ¶ 1.   In their second notice of removal, Doc. 1, Defendants again claim that removal is proper because the Court would have original diversity jurisdiction under 28 U.S.C. § 1332.   Doc. 1 at ¶ 20.   Defendants argue that removal is timely under 28 U.S.C. § 1446(b) because they filed the second notice of removal within thirty days of receiving Hill's response regarding the amount in controversy.   *Id.* at ¶ 19.   In contrast to their first notice of removal, Defendants also identify the citizenship of the parties.   *Id.* at ¶ 18.

## II.   Standard

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction.   28 U.S.C. § 1441(a).   "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."   *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).   Because "[t]he threshold requirement in every federal case is jurisdiction," the Eighth Circuit has admonished district courts "to be attentive to a satisfaction of jurisdictional requirements in all cases."

2

*Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citation omitted).   "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting removal."   *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (internal quotation marks omitted).   But when a federal court does have jurisdiction over a case properly before it, it has a "virtually unflagging obligation to exercise it."   *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1060 (8th Cir. 2020) (en banc) (internal quotation marks omitted).

## III.    Discussion

Though sections 1446 and 1447 of Title 28 do not mention second removal specifically, courts have interpreted them to address second removal petitions or applied them in the second-removal context.   Section 1446(b)(3) states that "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."   And section 1446(c)(3)(A) adds that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

In *Davis Neurology PA v. DoctorDirectory.com LLC*, the Eighth Circuit stated regarding a second removal petition that "[t]he removal statute provides that an action brought in state court may be removed if 'the district courts of the United States have original jurisdiction.'   28 U.S.C. § 1441(a).   The [30-day] time limit on removal in § 1446(b)(3) depends on the date when it may 'first be ascertained' that a case is 'removable.'"   896 F.3d 872, 875 (8th Cir. 2018).

Defendants argue that the second removal is timely under 28 U.S.C. § 1446(b) because they filed it within thirty days of receiving Hill's response to Defendants' request for admission regarding the amount in controversy.   Doc. 1 at ¶ 19.   If failure to establish the amount in controversy was the only reason the Court remanded *Hill 1*, Defendants' second removal may have been timely.

But the Court need not address Defendants' argument regarding receiving new information establishing the amount in controversy, because the Court remanded *Hill 1* for a separate, independent jurisdictional reason—failure to properly allege the citizenship of defendants.   *Hill 1*, at 7–8 (". . . [T]he Court remains unable to determine whether complete diversity exists because LC Realty, LLC's members or sub-members may also be citizens elsewhere.   The Court remands the case for this reason, as well." (internal citation omitted)).

Diversity jurisdiction "requires . . . complete diversity of citizenship of the litigants." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).   "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."   *Id.* (quotation omitted).   "To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship."   *Hammond v. Patterson Auto Sales, Inc.*, No. 14-cv-01460, 2014 WL 6463351, at *2 (E.D. Mo. Nov. 17, 2014) (citing *Sanders*, 823 F.2d at 216).   "A corporation's citizenship is determined by its state of incorporation and its principal place of business," *id.* (citing 28 U.S.C. § 1332(c)(1)), but "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."   *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quotation omitted); *see also OnePoint Sols.*, 486 F.3d at 347 n.4 ("[A]n LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens." (citing *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004))).

Additionally, "although [the Eighth Circuit] has not yet specifically addressed whether the citizenship of sub-members is relevant to establishing diversity citizenship," other federal courts addressing this issue have explained that the Court not only needs to know the citizenship of each member of the LLC, but also the citizenship of any "sub-member."   *See Clark v. SL W. Lounge, LLC*, No. 18-cv-01223, 2019 WL 527781, at *2 (E.D. Mo. Feb. 11, 2019); *see also Happe v. Sharkninja Operating, LLC*, 21-cv-00349-SRC (E.D. Mo. Mar. 26, 2021).   For purposes of clarity, "sub-members" includes the members of members (i.e., first-tier sub-members), and the members of first-tier sub-members (i.e., second-tier sub-members), the members of second-tier sub-members (i.e., third-tier sub-members), and so on, until the Court knows the citizenship of ***all*** persons and entities within the ownership structure.

In *Hill 1*, the Court noted two problems with Defendants' jurisdictional allegations:

> First, Defendants fail to disclose the citizenship of Lowe's Companies, Inc. Disclosing the place of incorporation only discloses half of the corporate-citizenship equation.   28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .") . . . . Defendants fail to disclose the principal place of business, the other half.   [*Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982)]; *see also* Doc. 1 at ¶¶ 16–17.

> Second, because "citizenship" and "residency" are two distinct concepts, disclosing that the members of LC Realty, LLC "reside in" North Carolina, Doc. 1 at ¶ 17, does not suffice.   *See, e.g.*, *Sanders*, 823 F.2d at 216 (citing 28 U.S.C. § 1332(a)(1)) . . . .   Further, unlike with Lowe's Home Centers, LLC—whose sole member Defendants identify as Lowe's Companies, Inc.—Defendants state that LC Realty is "a wholly owned subsidiary of Lowe's Home Centers, LLC," leaving the Court to speculate about the identity and citizenship of LC Realty, LLC's members. Thus, even if Defendants' "reside in" language established that LC Realty, LLC's members are North Carolina citizens, the Court remains unable to determine whether complete diversity exists because LC Realty, LLC's members or sub-members may also be citizens elsewhere.   *See Clark*, 2019 WL 527781, at *2.

*Hill 1*, at 6–8.   While Defendants correct these problems in their second notice of removal (identifying North Carolina as the principal place of business of Lowe's Companies, Inc., and adding that Lowe's Home Centers, LLC is the sole member of LC Realty, LLC, Doc. 1 at ¶ 18),

Defendants do not claim receipt of any "amended pleading, motion, order or other paper" regarding the citizenship of the Lowe's entities "from which it may first be ascertained that the case is one which is or has become removable."   28 U.S.C. § 1446(b)(3).

Unlike Defendants' new information regarding the amount in controversy, Defendants' information about the citizenship of the Lowe's entities has been in Defendants' control all along.  *See Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1064 (C.D. Cal. 2014) (rejecting defendant's second removal as "nothing more than an impermissible attempt to 'offer additional evidence to prove what should have been proved in the first notice of removal—its citizenship'" (cleaned up) (citations omitted)).

Under these circumstances, Defendants may not remove the case a second time.   The cases establishing this rule pre-date the enactment of 28 U.S.C. §1446, but courts have cited those cases even after the enactment of section 1446 in 1948 (and its revision adding a second paragraph to 1446(b) in 1949).  *See Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909) (stating that an order remanding a case does not prevent a second application for removal if the post-remand pleadings or conduct of the parties make the cause removable); *St. Paul & C.R. Co. v. McLean*, 108 U.S. 212, 217 (1883) (holding that a court could not grant a second removal petition based on "the same grounds" as a first petition); *see also Watson v. Carnival Corp.*, 436 F. App'x 954, 956 (11th Cir. 2011) (albeit addressing removal under 9 U.S.C. § 201 *et seq.*, affirming award of attorneys' fees to plaintiff where defendant filed second removal petition without a "subsequent pleading or event that revealed a new and different ground for removal" (citing *St. Paul & C.R. Co.*, 108 U.S. at 217; *Fritzle*n, 212 U.S. at 372–74));   *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996) (recognizing that "[a] defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal*" (citation omitted)); *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) (recognizing "cases stand[ing] for the

proposition that a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a [n]ew and [d]ifferent ground for removal." (citing *Fritzlen*, 212 U.S. 364; *Powers v. Chesapeake & Oh. Ry.*, 169 U.S. 92 (1898); 1A Moore's Federal Practice P 0.168(.3-5)); *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974) (allowing second removal based on "different grounds" which the court interpreted to "mean a different set of facts that state a new ground for removal" rather than a different "cause of action or theory of recovery").

The Court notes that if section 1446(b) codified the rule stated in the cases above, and now serves as the sole prohibition on second removals, then the limitations perhaps would qualify as waivable procedural rules under Eighth Circuit precedent.   For example, in *Financial Timing Publications, Inc. v. Compugraphic Corp.*, the plaintiff argued that the procedural requirements in section 1446 "are mandatory and thus preclude the district court from having subject matter jurisdiction notwithstanding the plaintiff's acquiescence in [the defendant's] late filing."   893 F.2d 936, 940 (8th Cir. 1990).   The Eighth Circuit concluded that this argument was "without merit" because "[p]rocedural removal requirements . . . are not jurisdictional, and thus a party may waive the right to object to removal on these grounds."   *Id.* (citing *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78 (8th Cir. 1989)); *see also Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) ("A procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived." (citing *Nolan*, 871 F.2d at 78)); *In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 476 n.4 (8th Cir. 1995), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) (holding that the plaintiff waived any argument regarding the one-year limitation in section 1446 by failing to raise it).   In one case, the Eighth Circuit did use the 30-day limit in section 1446 to address the timeliness of a second removal.   *See Davis Neurology PA*, 896 F.3d at 875 (finding second notice of removal based on a claim of new information untimely where defendants

received equivalent information well before the thirty-day limit in §1446(b)(3), and concluding that "the district court should have remanded the case to state court without reaching the merits").

But the Court is not aware of any Supreme Court or Eighth Circuit precedent addressing whether section 1446(b) codified the long-standing rule against seeking a second removal on the same ground, or explaining the source of that rule.   And the Court notes that other circuits have applied the rule without linking it a removal statute.   For example, the Fifth and Eleventh Circuits have referred to the rule as merely a general principle or rule governing removal.   *See LaGrotte v. Simmons Airlines, Inc.*, 250 F.3d 739 (5th Cir. 2001) (concluding that a district court "based its remand order on lack of subject matter jurisdiction under § 1447(c)" where it "merely invoked the general principle that 'once a case is remanded to state court, a defendant is precluded only from seeking a second removal on the same ground'" (citing *S.W.S . Erectors, Inc.*, 72 F.3d at 493)); *Watson v. Carnival Corp.*, 436 F. App'x 954, 955–56 (11th Cir. 2011) (applying as a "general rule governing removal" the proposition that "[o]nce a case is remanded to state court, a defendant is precluded from seeking a second removal on the same ground" (citing *St. Paul & C.R. Co.*, 108 U.S. at 217; *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *Fritzlen*, 212 U.S. at 372–74)); *see also Wright & Miller*, 14C Fed. Prac. & Proc. Juris. § 3739 (Rev. 4th ed) ("After a case has been remanded to state court, a second notice of removal on the very same ground that led to the initial removal is likely to be rejected by the district court and may be considered to have been interposed in bad faith.")

The Seventh Circuit has referred to this rule as falling under the law-of-the-case doctrine. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (holding that "even non-appealable orders," such as remands covered by section 1447(d), "are law of the case and may be revisited only when intervening events justify that step" (citation omitted)); *see also Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (stating that "the first remand,

because it establishes the law of the case, 'may be revisited only when intervening events justify that step'" (citing *Benson*, 188 F.3d at 783)).   And the Ninth Circuit has referred to the rule as being part of the common law.   *See F.D.I.C. v. Fairway Complex, Inc.*, 108 F.3d 1384 (9th Cir. 1997) (holding, in a removal under 12 U.S.C. § 1819(b)(2)(B), that where "the factual circumstances in the case changed between the first and second removal attempts, the common law prohibition against successive removals does not apply" (citing *S.W.S . Erectors, Inc.*, 72 F.3d at 492–93)).

Based on the varying bases revealed in these cases for prohibiting a second removal on grounds known, or that could have been known, to the removing party, the Court finds it at least arguable that the general rule against second removal—whether it finds its source in the common law, the law-of-the-case doctrine, or elsewhere—is not a waivable procedural rule, but a jurisdictional one.   And absent a clear indication from the Supreme Court or the Eighth Circuit on the matter, the Court resolves any doubt about federal jurisdiction in favor of remand.   *Dahl*, 478 F.3d at 968.

## IV.   Conclusion

Defendants' second removal attempt violates the longstanding prohibition on second removals on the same ground.   Resolving all doubts about federal jurisdiction in favor of remand, *Dahl*, 478 F.3d at 968, the Court remands this case back to the state court.   Pursuant to 28 U.S.C. § 1447(c), the Court directs the Clerk of the Court to mail a certified copy of this order of remand to the clerk of the state court.   The Court denies Defendant's [9] Motion to Request a Scheduling Conference as moot.

So Ordered this 22nd day of April 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE